UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------- x

THE ANNUITY AND HEALTH & WELFARE FUNDS OF
THE UNITED FOOD & COMMERCIAL WORKERS
LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS
MARK CAROTENUTO and STANLEY FLEISHMAN,

**MEMORANDUM & ORDER**
16-CV-457 (DLI)(RER)

Plaintiffs,

-against-

ZAHMEL RESTAURANT SUPPLIES CORP. d/b/a
ZAHMEL'S CASH & CARRY and MHL
TRANSPORT SERVICE CORP.,

Defendants.

---------------------------------------------------------------------------- x

**DORA L. IRIZARRY, Chief United States District Judge:**

The Annuity and Health & Welfare Funds of the United Food & Commercial Workers Local 2013, AFL-CIO (separately, "the Annuity Fund" and "the Health & Welfare Fund," together, "Plaintiffs") by their Trustees, Louis Mark Carotenuto and Stanley Fleishman, brought this action against Zahmel Restaurant Supplies Corp. ("Zahmel") and MHL Transport Service Corp. ("MHL") (together, "Defendants") seeking to recover unpaid employee fringe benefit fund contributions pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185.

Plaintiffs move for summary judgment to compel payment of unpaid contributions in the amount of $75,888.64, plus $15,177.73 in liquidated damages and an undetermined amount in pre-judgment interest. *See* Notice of Mot., Dkt. Entry No. 20; Pls.' Statement of Damages, Dkt. Entry No. 20-1. Plaintiffs also seek attorneys' fees and costs. *Id*. Although the parties agreed to a briefing schedule, which was approved by the Court, Defendants never served opposition papers

and did not respond to Plaintiffs' attempts to contact defense counsel. *See* Dkt. Entry No. 20. Accordingly, the Court deemed Plaintiffs' Motion for Summary Judgment unopposed. *See* Order dated April 28, 2017. For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs and Defendants are parties to a collective bargaining agreement, entered into on January 15, 2013, covering certain employees of United Food & Commercial Workers Local 2013, AFL-CIO[1] ("Local 2013") (the "unit employees agreement" or "UEA"). *See* Compl. ¶ 18, Dkt. Entry No. 1; UEA, Dkt. Entry No. 25-2. Plaintiffs and Zahmel are parties to a second collective bargaining agreement, entered into on September 18, 2013, covering the clerical employees of Local 2013 (the "clerical employees agreement" or "CEA"). *See* Compl. ¶ 19; CEA, Dkt. Entry No. 25-1. Although the original terms of the UEA and CEA concluded on September 3, 2015, an automatic renewal provision extended both through September 3, 2017. *See* Carotenuto Aff. ¶¶ 4-5, Dkt. Entry No. 23. The UEA and the CEA incorporate the trust agreements that establish the Annuity Fund and the Health & Welfare Fund. *See* UEA at 8, 10; CEA at 2, 3; Agreement & Decl. of Trust Establishing the Local 348 Annuity Fund ("Annuity Trust Agreement"), Dkt. Entry No. 25-4; Restated & Am. Agreement & Decl. of Trust for the Local 348 Health & Welfare Fund ("Health & Welfare Trust Agreement"), Dkt. Entry No. 25-6.

Article III, Section 1 of the CEA provides that Zahmel "shall contribute to the [Local 2013] Health & Welfare Fund…for each non-probationary Employee who is on the Employer's payroll

---

[1] Local 2013 previously was known as Local 348-S U.F.C.W. *See* Mem. of Law in Support of Pls.' Mot. for Summ. J. at 2, Dkt. Entry No. 22. It changed its name to Local 2013 on May 1, 2013, and renamed its trust funds accordingly on October 30, 2013. *See* United Food & Commercial Workers Int'l Union Charter, Dkt. Entry No. 25-3; Resolution of the Bd. of Trs. of Local 348 Annuity Fund, Dkt. Entry No. 25-5; Resolution of the Bd. of Trustees of Local 348 Health & Welfare Fund, Dkt. Entry No. 25-7.

any day during that month for which contributions are to be made to the Welfare Fund…." *See* CEA at 1. Article IV, Section 1 of the CEA provides that Zahmel "shall contribute to the [Local 2013] Annuity Fund…for each non-probationary Employee who is on the Employer's payroll any day during the month for which contributions are to made [*sic*] to the Annuity Fund…." *See Id.* at 2-3. Article XI, Section 1 of the UEA provides that Zahmel and MHL "will pay to [Local 2013], Annuity Fund, per month in advance for all non-probationary employees on the payroll any during [*sic*] that month…." *See* UEA at 8-9. Article XII, Section 1 of the UEA provides that Zahmel and MHL "will pay to [Local 2013], Health & Welfare Fund, per month in advance for all non-probationary employees on the payroll any day during that month…." *See Id*. at 9. As of September 4, 2014, the monthly contributions amounts per employee are:

| | |
|---|---|
| CEA Annuity Fund Contributions: | $34.00 |
| CEA Health & Welfare Fund Contributions: | $342.32 |
| UEA Annuity Fund Contributions: | $35.00 |
| UEA Health & Welfare Fund Contributions: | $342.32 |

*See* CEA at 2-3; UEA at 8, 10.

The Annuity Trust Agreement empowers the Trustees to set a schedule for liquidated damages due on delinquent contributions. *See* Annuity Trust Agreement at 18. That schedule is set forth as the "Policy and Procedure for the Collection of Delinquent Contributions and Payroll Audits" ("Collection Policy"), and provides for liquidated damages at a rate of 20% of the outstanding contribution amount, and pre-judgment interest at a rate of 1.5% of the outstanding contribution amount. *See* Collection Policy § V, Dkt. Entry No. 25-8. The Health & Welfare Trust Agreement provides for liquidated damages and pre-judgment interest at the same rates. *See* Health & Welfare Trust Agreement at 8.

# DISCUSSION

## I. Standard for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations omitted). A fact is "material" within the meaning of Rule 56 when its resolution "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether an issue is genuine, "[t]he inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam) and *Ramseur v. Chase Manhattan Bank*, 865 F. 2d 460, 465 (2d Cir. 1989)). "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The moving party bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence

of a genuine issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). The nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." *Anderson*, 477 U.S. at 256. The nonmoving party may not "rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible, or upon the mere allegations or denials of the nonmoving party's pleading." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532-33 (2d Cir. 1993) (citations and internal quotations omitted). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita*, 475 U.S. at 587).

"[W]here the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation omitted). Even where there is no controverting statement from the nonmoving party, "the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production…." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). However, "the court may rely on other evidence in the record even if uncited." *Id*.

II. **Liability Under ERISA**

Section 515 of ERISA provides that:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Plaintiffs contend that there are unpaid contributions from the period of December 1, 2015 through September 30, 2016 ("the Delinquency Period"). *See* Mem. of Law in Support of Pls.' Mot. for Summ. J. ("Pls.' Mem.") at 2, Dkt. Entry No. 22. They have calculated the outstanding contributions using accounts receivable worksheets ("the Worksheets") described in the sworn statement of Jacqueline Dowling, Funds Administrator for Plaintiffs, which were provided with Plaintiffs' motion. *See* Dowling Aff. ¶¶ 3-6, Dkt. Entry No. 24; Exhs. K, L, M, N to the Steinberg Aff., Dkt. Entry Nos. 25-11 – 25-14.

Because the CEA and UEA were both in effect through September 3, 2017, they were in effect during the Delinquency Period. It is uncontested that Defendants were parties to the UEA, Zahmel was a party to the CEA, and by operation of these agreements, Defendants also agreed to be bound by the applicable Trust Agreements. It further is uncontested that the UEA and CEA require Defendants to make fringe benefit contributions, and that they did not make said contributions. Based on these facts, the Court finds that Plaintiffs are entitled to summary judgment as to Defendants' liability under ERISA.

**III.    Damages**

Plaintiffs seek to recover the delinquent contributions, plus liquidated damages and pre-judgment interest. They base their calculations for these amounts on the Worksheets, which are supposed to show the outstanding contributions, plus the pre-judgment interest[2] and liquidated damages. *See Generally* Dowling Aff.; Exhs. K, L, M, N to the Steinberg Aff. According to these

---

[2] The pre-judgment interest calculation is partial, only running through November 15, 2016. *See* Dowling Aff. ¶ 9; Pls.' Statement of Damages at 1-2.

calculations, Zahmel owes $11,289.60 in outstanding contributions under the CEA, and Zahmel and MHL owe $64,599.04 in outstanding contributions under the UEA. *See* Pls.' Statement of Damages. These amounts are then used to calculate the liquidated damages and pre-judgment interest to which Defendants agreed by way of the Trust Agreements. However, the worksheet reflecting remittance information for the CEA contribution lists the required Annuity Fund payments as $35.00 per employee. The CEA itself lists a required amount of $34.00 per employee. *See* Exh. K; CEA at 3. This input is the basis for all further calculations. Because the input was erroneous, the Court cannot award damages at present.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment is granted as to liability, but damages are be determined upon Plaintiffs' submission of a corrected damages calculation. Entry of judgment is held in abeyance as a result. Plaintiffs are ordered to file supplemental materials correcting the damages calculation, together with updated attorney time records, by **October 31, 2017**.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2017

_____/s/_____
DORA L. IRIZARRY
United States District Judge